

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,442-01 & WR-90,442-02

### EX PARTE DEREK LEE CASEY, JR., Applicant

### ON STATE'S MOTION FOR REHEARING APPLICATIONS FOR WRITS OF HABEAS CORPUS IN CAUSE NOS. 12110-D & 12111-D IN THE 350TH DISTRICT COURT TAYLOR COUNTY

*Per curiam*.

### O R D E R

We have before us the State's Motion for Rehearing in these cases. We now withdraw our opinion issued on January 27, 2021, and remand the cases to the trial court for additional proceedings.

Applicant was convicted of two charges of aggravated assault of a public servant and sentenced to twenty-five years' imprisonment in each case. Upon Applicant's motion to withdraw, the Eleventh Court of Appeals dismissed his appeal. *Casey v. State*, No. 11-17-00138-CR (Tex. App.—Eastland Dec. 14, 2017) (not designated for publication).

Applicant filed his applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contended, among other things, that his plea was involuntary because the State withheld material information from the defense, specifically that the officers did not identify themselves. The trial court found that the alleged "failure to identify" was either untrue or unknown to the prosecutor and that the *Brady* violation appeared to be based on speculation by Applicant. Based on the record before us at the time of our review, we disagreed and granted Applicant relief.

In part, the evidence before us showed that Applicant's trial attorney, John Young, testified by affidavit at the habeas stage that the pretrial discovery materials indicated that the police did identify themselves before Applicant shot at them. In fact, Young apparently told Applicant that the file showed that the officers "repeatedly" warned him that they were officers. Applicant's appellate attorney, Landon Thompson, testified by affidavit that the pretrial discovery materials did not reveal the "failure to identify." In support of a motion for new trial, Thompson even went so far as to say that the officers "were not visibly in uniform or displaying badges at the time of the alleged assault."

Exhibits provided by the State on rehearing indicate that defense counsels' statements and our holding are not supported. Therefore, we withdraw our prior opinion and remand these cases to the trial court for additional proceedings. On remand, the State

is instructed to file its exhibits in the district court.  After considering these exhibits and any additional evidence the parties wish to provide, the trial court shall make new findings of fact and conclusions of law on the claims raised in Applicant's writ applications.

The court is ordered to make these additional findings and conclusions within 60 days of the date of this order.  The clerk shall thereafter immediately transmit to this Court the entire record of the proceedings.

IT IS SO ORDERED THIS THE 21ST DAY OF APRIL, 2021.

Do not publish